IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DAVID CHUKWUNONSO ALLISON, Personal Representative of the Estate of JOY CHIEDOZIE ALLISON, Deceased, | ) ) ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) ) | |
| THE BOEING COMPANY | ) ) | Civil Action No. 12 CV 4441 |
| and | ) ) | |
| UNITED TECHNOLOGIES CORPORATION, | ) ) ) | |
| DEFENDANTS. | ) ) ) | |

SECOND AMENDED COMPLAINT

The plaintiff David Chukwunonso Allison, personal representative of the Estate of Joy Chiedozie Allison, deceased, for his causes of action against The Boeing Company and United Technologies Corporation, Pratt & Whitney Division, alleges as follows:

THE PARTIES

1.     Joy Chiedozie Allison was a passenger on a Boeing MD-83 aircraft, 5N-RAM, which crashed on June 3, 2012, during a forced landing following a total loss

1

of power in both engines while on approach to Muhammed Murtala Airport in Lagos, Nigeria.

2.     Joy Chiedozie Allison lost her life as a result of the crash and is survived by her husband, Plaintiff David Chukwunonso Allison, and their one year old daughter, Naomi Isioma Allison.

3.     The plaintiff brings this lawsuit as the de facto personal representative of the estate of Joy Chiedozie Allison, for the benefit of the estate, Naomi Isioma Allison and himself.

4.     Defendant The Boeing Company has its principal place of business in Chicago Illinois, and at all relevant times was engaged in the design, manufacture, testing, inspection, assembly, labeling, advertising, sale, promotion, and/or distribution of commercial jetliners and their component parts, for ultimate sale and/or use in the United States and other countries.

5.     At all times material hereto, Defendant The Boeing Company has sold, delivered, and/or distributed such products including Boeing MD-83 model aircraft generally and N944AS in particular, which later was registered as 5N-RAM and crashed on June 3, 2012.

6.     The subject aircraft was designed, manufactured, sold and after sale supported by The Boeing Company for use in the United States and other countries, including Nigeria, to be used by a foreseeable class of persons, of whom Joy Chiedozie Allison was a member, consisting of those persons who may be

passengers of aircraft manufactured and distributed by Defendant The Boeing Company.

7.    At all times material hereto, Defendant The Boeing Company was acting by and through its agents, servants and/or employees, each of whom were acting within the course and scope of their employment with this Defendant.

8.    At certain times in the past McDonnell Douglas Corporation was engaged in the design, manufacture, testing, inspection, assembly, labeling, advertising, sale, promotion, and/or distribution of commercial jetliners and their component parts for ultimate sale and/or use in the United States and in countries such as Nigeria.

9.    McDonnell Douglas has sold, delivered, and/or distributed such products including the Boeing MD-83 aircraft herein referenced for ultimate sale and/or use in the United States and other countries, including Nigeria, to be used by a foreseeable class of persons, of whom Joy Chiedozie Allison was a member, consisting of those persons who may be passengers of aircraft manufactured and distributed by McDonnell Douglas.

10.    McDonnell Douglas and The Boeing Company merged subsequent to the date of the subject airplane crash and Defendant The Boeing Company assumed certain liabilities of McDonnell Douglas, including the liability for any personal injury and/or wrongful death claims arising out of the design and manufacture of McDonnell Douglas Corporation products, specifically including the subject MD-83 airplane.

3

11.     Defendant United Technologies Corporation, Pratt & Whitney Division, is engaged in the design, manufacture, testing, inspection, assembly, labeling, advertising, sale, promotion, and/or distribution of airplane engines for ultimate sale and/or use in the United States and other countries, including Nigeria.

12.     At all times material hereto defendant United Technologies Corporation, Pratt & Whitney Division has sold, delivered, and/or distributed such products including the JT8D-219 engines used on Boeing MD-83 aircraft including the aircraft that crashed, for ultimate sale and/or use in the United States and other countries including Nigeria, to be used by a foreseeable class of persons, of whom Joy Chiedozie Allison was a member, consisting of those persons who may be passengers on airplanes using Pratt & Whitney brand engines.

13.     At all times material hereto, defendant United Technologies Corporation, Pratt & Whitney Division was acting by and through its agents, servants and/or employees, each of whom were acting within the course and scope of their employment with defendant United Technologies Corporation, Pratt & Whitney Division.

14.     5N-RAM and the JT8D-219 engines powering it on June 3, 2012, were certificated in the United States and were supposed to be designed, manufactured, sold and supported in accordance with the safety principles set forth in the United States federal statutory and regulatory aviation safety program administered by

4

the Federal Aviation Authority, and the parallel system of state statutory and common law safety standards and remedies.

## JURISDICTION

15.     At the time of the subject air crash 153 natural persons were on board the Boeing MD-83 (147 passengers and six crew members), all of whom lost their lives, along with ten confirmed ground fatalities, as a result of the crash.

16.     Therefore, this Court has jurisdiction over this action under 28 U.S.C. § 1369.

## VENUE

17.     Venue is proper in this district pursuant to 28 U.S.C. §1391(g) because the corporate defendants each "reside" in this district within the meaning of 28 U.S.C. §1391(c).

## THE CRASH AND POST-CRASH INVESTIGATION

18.     On or about June 3, 2012, Joy Chiedozie Allison was a passenger on Dana Air Flight 0992 from Abuja to Lagos, Nigeria.

19.     Nigeria's Accident Investigation Bureau (AIB) has instituted an investigation of the crash.

20.     According to the AIB: "As the State of manufacture of the airplane and engine, a US Accredited Representative has been appointed and assisted by US

technical advisors from the NTSB, US Federal Aviation Administration, Boeing Airplane Company, and Pratt & Whitney Engines."[1]

21.    Visual meteorological conditions prevailed at the time of the crash and weather was not a factor in causing it to occur.

22.    Two flight recorders were recovered from the wreckage, the Cockpit Voice Recorder (CVR) and the flight data recorder (FDR), which were both analyzed at the facilities of the United States National Transportation Safety Board (NTSB) in Washington, D.C.

23.    The memory in the CVR was in good condition and retained 31 minutes of audio information.

24.    The digital tape based memory in the FDR succumbed to the post-crash fire and melted, consequently no data could be recovered.

25.    According to the cockpit voice recorder, at 3:42:10 p.m. local time while the aircraft was on final approach to runway 18R, the flight crew reported a total loss of power to air traffic control stating: "dual engine failure . . . negative response from throttle."

26.    At 3:43:27 hours, the Captain informed the First Officer: "we just lost everything, we lost an engine. I lost both engines".

27.    During the next 25 seconds when CVR recording ended, the flight crew was attempting, unsuccessfully, to restart the engines.

---

[1] AIB Interim Report 2a, *UPDATED REPORT ON DANA AIR 0992, 5N-RAM CRASH OF 03/06/2012 IN LAGOS*, attached as Exhibit 1. The facts which follow in this section have been taken from this report, which is adopted by reference.

28.     The airplane then crashed in a residential area about 5.8 miles north of the airport on approximately the extended centerline of runway 18R.

29.     During the impact sequence, the airplane struck a building under construction, two trees and three buildings. The wreckage was confined, with the separated tail section and engines located at the beginning of the debris field.

30.     The aircraft was mostly consumed by post-crash fire.

31.     The tail section, both engines and portions of both wings, representing only about 15% of the aircraft, were recovered from the accident site for further examination.

32.     The captain was a United States citizen and FAA certified air transport pilot with over 16,000 hours as pilot in command, including 7,461 hours in MD-80 series aircraft.

33.     A review of the aircraft technical logs of the previous 30 days did not indicate any abnormal condition.

34.     The airplane had last undergone maintenance on June 1, 2012, and after a return to service flight on June 2, 2012, it was operated on four flights without negative incident.

35.     The aircraft had sufficient fuel aboard to safely complete the flight including or any necessary diversion to an alternate airport, and preliminary analysis of fuel samples from the refueling truck and the supply tank where the aircraft last took on fuel were negative for contamination.

36.     The investigation is continuing.

7

## PLAINTIFF'S INJURIES AND DAMAGES

37. As a direct and proximate result of defendants' design, manufacture, sale, shipment, distribution, maintenance, service, operation, ownership, leasing, and transfer of the subject aircraft and its component parts in a dangerous and defective condition, and improperly certified, Joy Chiedozie Allison was killed. By virtue of her untimely death, plaintiff and his daughter are lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary and non-pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which plaintiff and his daughter have been deprived by reason of such death, further including the past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

38. Plaintiff further claims such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued including, but not limited to, mental anguish, physical disability, conscious pain and suffering, pre-impact terror, and further considering the aggravating circumstances attendant upon the fatal injury.

## COUNT I

## (STRICT LIABILITY -- DEFECTIVE DESIGN AND MANUFACTURE BY DEFENDANT THE BOEING COMPANY)

39.     Plaintiff hereby incorporates by reference, as though fully set out herein, all preceding paragraphs of this complaint as if fully pleaded in this Count.

40.     Defendant The Boeing Company designed, manufactured, assembled, supplied, distributed, or sold the aforementioned aircraft and/or related component parts used therein in the course of its business.

41.     The aforesaid aircraft and/or related component parts used therein were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses for reasons including, but not limited to, the following:

> (a) The aircraft was defective as designed and/or manufactured resulting in a loss of all power and airworthiness while the aircraft was being used during its useful life for its normal and intended purposes; and/or
>
> (b) The engines were defective as designed and/or manufactured resulting in a loss of all power and airworthiness while the aircraft and engines were being used during their useful lives for their normal and intended purposes.

42.     The aforesaid aircraft and its component parts were used in a manner reasonably anticipated by Defendant The Boeing Company.

43.     Plaintiff as heretofore set forth suffered damages as a direct and proximate result of said defective conditions as existed when the aircraft was sold by this defendant resulting in the death of Joy Chiedozie Allison.

WHEREFORE, Plaintiff David Chukwunonso Allison prays judgment against Defendant The Boeing Company for damages as follows:

(A)    For actual damages as are fair and reasonable for the wrongful death of Joy Chiedozie Allison;

(B)    For plaintiff's costs herein expended; and

(C)    For such other and further relief as this Court deems just and proper.

## COUNT II

## (NEGLIGENCE -- FAILURE OF DEFENDANT BOEING TO USE ORDINARY CARE TO DESIGN AND MANUFACTURE AIRCRAFT)

44.    Plaintiff hereby incorporates by reference, as though fully set out herein, all preceding paragraphs of this complaint as if fully pleaded in this Count.

45.    Defendant Boeing designed, manufactured, assembled, supplied, distributed, or sold the aforementioned aircraft and/or related component parts used therein in the course of its business.

46.    Defendant Boeing held itself out as an entity which could carefully and competently design, manufacture, select materials for, design maintenance programs for, inspect, supply, distribute, and sell aircraft.

47.    Defendant Boeing had a duty to use that degree of care that an ordinarily careful and prudent designer, manufacturer, and seller of aircraft and component parts would use under the same or similar circumstances.

48.    The aircraft, and related component parts designed, manufactured, and sold by Defendant Boeing were defective and otherwise flawed which caused this aircraft to crash.

10

49.     Defendant Boeing knew or by using ordinary care should have known of the potential of such dangerous condition as was created by its failure to properly design, manufacture, and sell safe aircraft and component parts in that:

(a) The aircraft was defective as designed and/or manufactured resulting in a loss of all power and airworthiness while the aircraft was being used during its useful life for its normal and intended purposes; and/or

(b) The engines were defective as designed and/or manufactured resulting in a loss of all power and airworthiness while the aircraft and engines were being used during their useful lives for their normal and intended purposes.

50.     Plaintiff's deceased was killed as a direct and proximate result of the negligence and carelessness of Defendant Boeing as further set out above.

WHEREFORE, Plaintiff David Chukwunonso Allison prays judgment against Defendant The Boeing Company for damages as follows:

(A)     For actual damages as are fair and reasonable for the wrongful death of Joy Chiedozie Allison;

(B)     For plaintiff's costs herein expended; and

(C)     For such other and further relief as this Court deems just and proper.

## COUNT III

## (STRICT LIABILITY - - FAILURE TO WARN BY DEFENDANT THE BOEING COMPANY)

51.     Plaintiff hereby incorporates by reference, as though fully set out herein, all preceding paragraphs of this complaint as if fully pleaded in this Count.

11

52. The aircraft, which crashed on June 3, 2012, was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

53. That at all times pertinent hereto, Defendant The Boeing Company failed to provide an adequate warning as to the danger of use of said aircraft which was then unreasonably dangerous.

54. The aircraft was used in a manner reasonably anticipated. Defendant The Boeing Company had both an original and continuing duty to monitor the airworthiness of its aircraft and to make such repair and maintenance modifications and recommendations and warnings as necessary to assure the reasonable safety of passengers on the aircraft.

55. Defendant The Boeing Company breached its continuing duty in that it failed to properly and timely report known and suspected aircraft component defects and thereby breached the duty to repair, replace, recall, inform and warn operators, users, passengers and others of the known malfunctions and defects.

56. Joy Chiedozie Allison was killed as a direct result of the sale, use, operation, and service of the aircraft without an adequate warning or direction as to its monitoring, repair, replacement, servicing, hazards, and conditions.

57. By virtue of Joy Chiedozie Allison's untimely death, plaintiff is lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of

the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiff has been deprived by reason of such death, further including the past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

58.    Plaintiff's deceased was killed as a direct and proximate result of the negligence and carelessness of Defendant Boeing as further set out above.

WHEREFORE, Plaintiff David Chukwunonso Allison prays judgment against Defendant The Boeing Company for damages as follows:

(A)    For actual damages as are fair and reasonable for the wrongful death of Joy Chiedozie Allison;

(B)    For plaintiff's costs herein expended; and

(C)    For such other and further relief as this Court deems just and proper.

## COUNT IV

## (NEGLIGENCE - - FAILURE OF DEFENDANT THE BOEING COMPANY TO WARN OF KNOWN HAZARD)

59.    Plaintiff hereby incorporates by reference, as though fully set out herein, all preceding paragraphs of this complaint as if fully pleaded in this Count.

60.    The aircraft and its component parts, designed, manufactured and sold by Defendant The Boeing Company was in a defective condition and unreasonably dangerous.

61.     Defendant The Boeing Company failed to use ordinary care to adequately warn foreseeable users of the risk of harm from use of the subject aircraft and component parts in that said systems contained hazards of such magnitude so as to create massive and instantaneous failures.

62.     Defendant The Boeing Company failed to use ordinary care to adequately warn foreseeable users of the risk of harm from the defective design of the aircraft engines in that said engines would fail to and the aircraft would crash.

63.     Defendant The Boeing Company had both an original and continuing duty to monitor the airworthiness of its aircraft and component parts used in the course of its business and to make such repair and maintenance modifications and recommendations and warnings as necessary to assure the reasonable safety of persons using said aircraft.

64.     Defendant The Boeing Company failed to properly and timely report known and suspected defects, malfunctions, and failures including the precise nature and mechanism of the defect, malfunction and failure in the aircraft which is the subject of this lawsuit and thereby breached its duty to repair, replace, recall, inform and warn operators, users, passengers, and others of the known and anticipated malfunctions, problems, safety hazards and defects associated with the use and continued use of the aircraft and component parts.

65.     Defendant The Boeing Company failed to report, warn, instruct, recall, replace, repair, inspect, test, investigate and monitor the safety and related hazards

of the subject aircraft and component parts wherein it had an initial and continuing duty and obligation to do so.

66.     Defendant The Boeing Company issued improper and tardy service bulletins in regard to the aircraft.

67.     Defendant The Boeing Company should have issued or requested issuance of proper Airworthiness Directives.

68.     Joy Chiedozie Allison was killed as a direct result of the sale, use, operation, and service of the aircraft without an adequate warning or direction as to its monitoring, repair, replacement, servicing, hazards, and conditions.

69.     By virtue of Joy Chiedozie Allison's untimely death, Plaintiff is lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiff has been deprived by reason of such death, further including the past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

70.     Plaintiff's deceased was killed as a direct and proximate result of the negligence and carelessness of Defendant The Boeing Company as further set out above.

WHEREFORE, Plaintiff David Chukwunonso Allison prays judgment against Defendant The Boeing Company for damages as follows:

(A)   For actual damages as are fair and reasonable for the wrongful death of Joy Chiedozie Allison;

(B)   For plaintiff's costs herein expended; and

(C)   For such other and further relief as this Court deems just and proper.

<u>COUNT V</u>

<u>(STRICT LIABILITY -- DEFECTIVE DESIGN AND MANUFACTURE
BY DEFENDANT UTC, PRATT & WHITNEY DIVISION)</u>

71.   Plaintiff hereby incorporates by reference, as though fully set out herein, all preceding paragraphs of this complaint as if fully pleaded in this Count.

72.   Defendant United Technologies Corporation, Pratt & Whitney Division, designed, manufactured, assembled, supplied, distributed, or sold the aforementioned aircraft engines and/or related component parts used therein in the course of its business.

73.   The aforesaid aircraft engines and/or related component parts used therein were then in a defective condition, unreasonably dangerous when put to their reasonably anticipated uses for reasons in that they were defective as designed and/or manufactured resulting in a loss of all power and airworthiness while the engines were being used during their useful lives for their normal and intended purposes.

16

74.     Plaintiff as heretofore set forth suffered damages as a direct and proximate result of said defective conditions as existed when the aircraft engines were sold by this defendant resulting in the death of Joy Chiedozie Allison.

WHEREFORE, Plaintiff David Chukwunonso Allison prays judgment against United Technologies Corporation, Pratt & Whitney Division for damages as follows:

(A)     For actual damages as are fair and reasonable for the wrongful death of Joy Chiedozie Allison;

(B)     For plaintiff's costs herein expended; and

(C)     For such other and further relief as this Court deems just and proper.

## <u>COUNT VI</u>

## <u>(NEGLIGENCE -- FAILURE OF DEFENDANT UTC PRATT & WHITNEY DIVISION TO USE ORDINARY CARE TO DESIGN AND MANUFACTURE AIRCRAFT ENGINES)</u>

75.     Plaintiff hereby incorporates by reference, as though fully set out herein, all preceding paragraphs of this complaint as if fully pleaded in this Count.

76.     Defendant United Technologies Corporation, Pratt & Whitney Division, designed, manufactured, assembled, supplied, distributed, or sold the aforementioned aircraft engines and/or related component parts used therein in the course of its business.

77.     Defendant United Technologies Corporation, Pratt & Whitney Division held itself out as an entity which could carefully and competently design,

17

manufacture, select materials for, design maintenance programs for, inspect, supply, distribute, and sell aircraft engines and/or related component parts.

78.     Defendant United Technologies Corporation, Pratt & Whitney Division had a duty to use that degree of care that an ordinarily careful and prudent designer, manufacturer, and seller of aircraft engines and/or component parts would use under the same or similar circumstances.

79.     The aircraft engines, and/or related component parts designed, manufactured, and sold by Defendant United Technologies Corporation, Pratt & Whitney Division were defective and otherwise flawed which caused this aircraft to crash.

80.     Defendant United Technologies Corporation, Pratt & Whitney Division knew or by using ordinary care should have known of the potential of such dangerous condition as was created by its failure to properly design, manufacture, and sell safe aircraft engines and/or and component parts.

81.     Defendant United Technologies Corporation, Pratt & Whitney Division was negligent in designing, manufacturing and distributing the aforesaid aircraft engines and/or related component parts used therein in a defective condition, it either knew or should have known made them unreasonably dangerous when put to their reasonably anticipated uses for reasons in that they were defective as designed and/or manufactured resulting in a loss of all power and airworthiness

while the engines were being used during their useful lives for their normal and intended purposes.

82.     Plaintiff's deceased was killed as a direct and proximate result of the negligence and carelessness of Defendant United Technologies Corporation, Pratt & Whitney Division as further set out above.

WHEREFORE, Plaintiff David Chukwunonso Allison prays judgment against United Technologies Corporation, Pratt & Whitney Division for damages as follows:

(A)     For actual damages as are fair and reasonable for the wrongful death of Joy Chiedozie Allison;

(B)     For plaintiff's costs herein expended; and

(C)     For such other and further relief as this Court deems just and proper.

## COUNT VII

### (STRICT LIABILITY - - FAILURE TO WARN BY DEFENDANT UTC PRATT & WHITNEY DIVISION)

83.     Plaintiff hereby incorporates by reference, as though fully set out herein, all preceding paragraphs of this complaint as if fully pleaded in this Count.

84.     The aircraft engines, which caused the aircraft to crash on June 3, 2012, were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

85.     That at all times pertinent hereto, Defendant United Technologies Corporation, Pratt & Whitney Division failed to provide an adequate warning as to the danger of use of said aircraft engines which were then unreasonably dangerous.

19

86.     The aircraft engines were used in a manner reasonably anticipated. Defendant United Technologies Corporation, Pratt & Whitney Division had both an original and continuing duty to monitor the airworthiness of its aircraft engines and to make such repair and maintenance modifications and recommendations and warnings as necessary to assure the reasonable safety of passengers on the aircraft.

87.     Defendant United Technologies Corporation, Pratt & Whitney Division breached its continuing duty by failing to properly and timely report known and suspected aircraft  engine component defects and thereby breached their duty to repair, replace, recall, inform and warn operators, users, passengers and others of the known malfunctions and defects.

88.     Joy Chiedozie Allison was killed as a direct result of the sale, use, operation, and service of the aircraft engines without an adequate warning or direction as to its monitoring, repair, replacement, servicing, hazards, and conditions.

89.     By virtue of Joy Chiedozie Allison's untimely death, Plaintiff is lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiff has been deprived by reason of such death, further including the

past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

90.     Plaintiff's deceased was killed as a direct and proximate result of the negligence and carelessness of Defendant United Technologies Corporation, Pratt & Whitney Division as further set out above.

WHEREFORE, Plaintiff David Chukwunonso Allison prays judgment against United Technologies Corporation, Pratt & Whitney Division for damages as follows:

(A)     For actual damages as are fair and reasonable for the wrongful death of Joy Chiedozie Allison;

(B)     For plaintiff's costs herein expended; and

(C)     For such other and further relief as this Court deems just and proper.

## COUNT VIII

## (NEGLIGENCE - - FAILURE OF DEFENDANT UTC TO WARN OF A KNOWN HAZARD)

91.     Plaintiff hereby incorporates by reference, as though fully set out herein, all preceding paragraphs of this complaint as if fully pleaded in this Count.

92.     The aircraft engines and its component parts, designed, manufactured and sold by Defendant United Technologies Corporation, Pratt & Whitney Division were in a defective condition and unreasonably dangerous.

93.     Defendant United Technologies Corporation, Pratt & Whitney Division failed to use ordinary care to adequately warn foreseeable users of the risk of harm from use of the subject aircraft engines and component parts in that said systems

21

contained hazards of such magnitude so as to create massive and instantaneous failures.

94.     Defendant United Technologies Corporation, Pratt & Whitney Division failed to use ordinary care to adequately warn foreseeable users of the risk of harm from the defective design of the aircraft engines in that said engines would fail and the aircraft would crash.

95.     Defendant United Technologies Corporation, Pratt & Whitney Division had both an original and continuing duty to monitor the airworthiness of its aircraft engines and/or component parts used in the course of its business and to make such repair and maintenance modifications and recommendations and warnings as necessary to assure the reasonable safety of persons using said aircraft engines.

96.     Defendant United Technologies Corporation, Pratt & Whitney Division failed to properly and timely report known and suspected defects, malfunctions, and failures including the precise nature and mechanism of the defect, malfunction and failure in the aircraft engines which is the subject of this lawsuit and thereby breached its duty to repair, replace, recall, inform and warn operators, users, passengers, and others of the known and anticipated malfunctions, problems, safety hazards and defects associated with the use and continued use of the aircraft engines  and/or component parts.

97.     Defendant United Technologies Corporation, Pratt & Whitney Division failed to report, warn, instruct, recall, replace, repair, inspect, test, investigate and

monitor the safety and related hazards of the subject aircraft engines and/or component parts wherein it had an initial and continuing duty and obligation to do so.

98. Defendant United Technologies Corporation, Pratt & Whitney Division issued improper and tardy service bulletins in regard to the aircraft.

99. Defendant United Technologies Corporation, Pratt & Whitney Division should have issued or requested issuance of proper Airworthiness Directives.

100. Joy Chiedozie Allison was killed as a direct result of the sale, use, operation, and service of the aircraft engines without an adequate warning or direction as to its monitoring, repair, replacement, servicing, hazards, and conditions.

101. By virtue of Joy Chiedozie Allison's untimely death, Plaintiff is lawfully entitled to such damages as are fair and just for the death and loss thus occasioned, including but not limited to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiff has been deprived by reason of such death, further including the past and future lost income, household services, and other value of benefits which would have been provided by the deceased.

102.     Plaintiff's deceased was killed as a direct and proximate result of the negligence and carelessness of Defendant United Technologies Corporation, Pratt & Whitney Division as further set out above.

WHEREFORE, Plaintiff David Chukwunonso Allison prays judgment against United Technologies Corporation, Pratt & Whitney Division for damages as follows:

(A)     For actual damages as are fair and reasonable for the wrongful death of Joy Chiedozie Allison;

(B)     For plaintiff's costs herein expended; and

(C)     For such other and further relief as this Court deems just and proper.

## COUNT IX - XVI
## (SURVIVAL ACTIONS)

103.     The plaintiff incorporates Counts I though VIII by reference as Counts IX through XVI as though fully set out herein.

104.     In Counts IX through XVI, all remedies available to the Estate of Joy Chiedozie Allison are claimed, including, but not limited to, damages for her bodily injury, conscious pain and suffering and severe terror before death.

105.     Substantively, Count IX mirrors Count I; Count X mirrors Count II; Count XI mirrors Count III and Count XII mirrors Count IV; Count XIII mirrors Count V; Count XIV mirrors Count VI; Count XV mirrors Count VII and Count XVI mirrors Count VIII.

WHEREFORE, Plaintiff David Chukwunonso Allison prays judgment against The Boeing Company in Counts IX through XII; and United Technologies

24

Corporation, Pratt & Whitney Division in Counts XIII through XVI, for damages as follows:

(A)    For actual damages as are fair and reasonable for the conscious pain and suffering and other damages due the Estate of Joy Chiedozie Allison;

(B)    For plaintiff's costs herein expended; and

(C)    For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury of all issues set out herein.


/s/  David  E.  Rapoport
**ONE OF PLAINTIFF'S ATTORNEYS**


Respectfully submitted,

David E. Rapoport, 6181294
Michael L. Teich, 6216938
Joshua L. Weisberg, 6287650
Lindsey A. Epstein, 6305804
**RAPOPORT LAW OFFICES, P.C.**
20 North Clark Street, Suite 3500
Chicago, Illinois 60602
Telephone:  (312) 327-9880
Facsimile:  (312) 327-9881

Gary C. Robb
**ROBB & ROBB LLC**
One Kansas City Place, Suite 3900
1200 Main Street
Kansas City, Missouri  64105
Telephone:  (816) 474-8080

Facsimile: (816) 474-8081

Chuck N. Chionuma
**CHIONUMA LAW FIRM, ESQ.**
3339 Troost Avenue
Kansas City, MO 64109
(816)421-5544
*PRO HAC VICE*

**RICHARD F. MALLEN &
ASSOCIATES, LTD.**
RICHARD F. MALLEN
BRIAN R. HECHT
228 South Wabash, 7th Floor
Chicago, Illinois 60604
Telephone:   (312) 346-0500
Facsimile:   (312) 346-5778

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2012, the foregoing was electronically filed with the U.S. District Court Clerk, Northern District of Illinois, Eastern Division, by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ David E. Rapoport

David E. Rapoport, #6181294
Rapoport Law Offices, P.C.
20 North Clark Street, Suite 3500
Chicago, Illinois 60602
(312) 327-9880
(312) 327-9881 (fax)
Email:  drapoport@rapoportlaw.com

26